IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

JSI COMMUNICATIONS                                                                    PLAINTIFF

VS.                                                           CAUSE NO. 3:13cv104 WHB-RHW

TRAVELERS CASUALTY & SURETY
COMPANY OF AMERICA                                                                    DEFENDANT

**TRAVELERS CASUALTY & SURETY COMPANY OF AMERICA'S
MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY
JUDGMENT ON RECONSIDERATION OF BAD FAITH**

COMES NOW, Travelers Casualty & Surety Company of America ("Travelers"), and submits this Memorandum in Support of Its Motion for Summary Judgment on the Reconsideration of Bad Faith.

**INTRODUCTION**

This Court ruled in favor of Travelers on summary judgment, dismissing the claims of Plaintiff JSI Communication ("JSI") against Travelers in their entirety. The basis of this Court's opinion was that the liability of Travelers, as surety, could not exceed that of its principal, McMillan-Pitts Construction Company, LLC. ("McMillan"). This Court agreed with Travelers that, as McMillan had been discharged from liability by a Mississippi chancery court, Travelers could not be liable as a guarantor. As the principal claim against Travelers fell, JSI's bad faith claims against Travelers fell as well. JSI appealed.

On appeal, the United States Court of Appeals for the Fifth Circuit reversed this Court's ruling of law, holding in a case of first impression that the liability of the surety to a second tier subcontractor under Mississippi's Little Miller Act was not dependent on the liability of the bonded principal. Accordingly, the Fifth Circuit reversed and rendered on the underlying claim, but remanded the case to this Court to reconsider the bad faith claim of JSI.

To the extent JSI suggests that the Fifth Circuit found Travelers acted in bad faith, that position is inconsistent with a remand, and the opinion of the Fifth Circuit in this case. Indeed, the Fifth Circuit's opinion remanding the case provides no comment on the merits of JSI's bad faith claim. Instead, the Fifth Circuit simply stated as follows:

> JSI also requested attorneys' fees and other sums. We remand those matters to the district court for ruling in the first instance. JSI also sought bad faith damages from Travelers. The district court's summary judgment in favor of Travelers on this claim was based upon its erroneous determination that Travelers was not liable to JSI on the bond. Thus, we vacate the grant of summary judgment and remand for reconsideration in light of our opinion herein.

In short, the Fifth Circuit found that the reversal on the law left the decision on bad faith claim without any support one way or the other, and that it had to be examined *de novo*.

This Court should grant Travelers's Motion for Summary Judgment on the bad faith claim. In order to prevail, JSI must show that there was no arguable basis for the denial of the claim **and** that Travelers was motivated by malice. It can do neither.

## BACKGROUND

McMillan-Pitts Construction Company, LLC, was selected as the prime contractor on a public project to construct the New Stoneville office building, Mississippi State University Delta Research and Extension Center, in Stoneville, Mississippi (the "Project"). McMillan-Pitts was required to procure a payment bond as surety for the Project, and McMillan-Pitts obtained this bond from Travelers.

Tackett Electric Company, LLC, was a subcontractor to McMillan-Pitts on the Project and subcontracted with JSI to install and test voice and data cabling and fiber optic cabling. JSI completed its work on the Project on July 21, 2012, and invoiced Tackett for $36,346.09. It is uncontested that JSI has not been paid this sum by Tackett.

In March 2012, a Tackett creditor unrelated to the Project served a writ of garnishment on McMillan-Pitts, seeking access to any funds it owed Tackett. In response, McMillan-Pitts commenced an interpleader action in Mississippi Chancery Court, which named as defendants Tackett, the unrelated Tackett creditor, and two Tackett subcontractors (not JSI) on the Project with which McMillan-Pitts and Tackett had joint check agreements. According to the Complaint for Interpleader, McMillan-Pitts believed these four defendants were "the only persons who may be interested in the subject proceeds or who may assert claim to the proceeds of McMillan-Pitts'[s] contract with Tackett." McMillan-Pitts tendered $19,445.16, the amount it still owed Tackett for its work on the Project, into the court's registry. On August 30, 2012, McMillan-Pitts

obtained a judgment releasing it from any further liability on its subcontract with Tackett on the two joint check agreements and on the Writ of Garnishment.

On or about October 3, 2012 – shortly after McMillan-Pitts obtained this judgment in the Interpleader action – JSI notified McMillan-Pitts and Travelers of its claim under the Project's payment bond due to Tackett's nonpayment of JSI's invoice.  On October 25, 2012, McMillan-Pitts amended its Complaint for Interpleader to include JSI and "all persons or entities supplying materials and/or labor to Tackett" on the Project.  That same day, McMillan-Pitts obtained an amended judgment extending the previous release of liability to "any claim made by any other claimant made a party to this action for sums due and owing from [Tackett] for materials, supplies and/or labor provided to [Tackett] on the [Project]."

On November 8, 2012, Travelers denied JSI's claim on the payment bond because McMillan-Pitts had received a judgment releasing it of any obligations under its subcontract with Tackett.  JSI and Travelers exchanged further correspondence regarding JSI's claim, but were unable to resolve the issue.   JSI sued Travelers in state court, seeking payment under the bond, punitive damages, and attorneys' fees.  Travelers removed the case to Federal Court on the basis of diversity jurisdiction, and both parties moved for summary judgment.  The Court granted summary judgment in favor of Travelers and denied JSI's Motion for Reconsideration.

## SUMMARY JUDGMENT STANDARD

Rule 56(c) of the Federal Rules of Civil Procedure authorizes summary judgment where "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law.[1] The existence of a material question of fact is itself a question of law that the district court is bound to consider before granting summary judgment.[2]

A judge's function at the summary judgment stage is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial. There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted.[3] "The mere existence of a disputed factual issue, therefore, does not foreclose summary judgment. The dispute must be genuine, and the facts must be material."[4] "With regard to 'materiality,' only those disputes over facts that might affect the outcome of the lawsuit under the governing substantive law will preclude summary judgment."[5]

---

[1] Celotex Corporation v. Catrett, 477 U.S. 317, 322, 91 L.Ed.2d 265, 106 S. Ct. 2548 (1986).

[2] John v. State of La. Bd. Of T. for State C. & U., 757 F.2d 698, 712 (5th Cir. 1985).

[3] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 91 L.Ed.2d 202, 106 S. Ct. 2505 (1986).

[4] Professional Managers, Inc. v. Fawer, Brian, Hardy & Zatzkis, 799 F.2d 218, 222 (5th Cir. 1986).

## ARGUMENT

## Travelers is not Liable to JSI for Bad Faith

The Fifth Circuit's opinion does not discuss or make a finding regarding bad faith. The Fifth Circuit's act of vacating the judgment does not provide an indication that the Fifth Circuit viewed JSI's bad faith claim as having merit. Instead, the Fifth Circuit ruled in a manner different than this Court on JSI's bond claim and simply remanded the case for this Court to reconsider bad faith "in light of this opinion." Travelers denied the claim, arguing the basic and long recognized point of law that a surety's liability is coextensive with its principal, and that because McMillan-Pitts, its principal, was not liable to JSI, Travelers was not liable to JSI. The underlying facts were never in dispute and they are not in dispute now. Because there is no fact dispute, the issue of bad faith is proper for this Court to resolve. The only issues are 1) was Travelers' decision supported by an arguable basis; and 2) even if it was not, does JSI have any evidence to create an issue for a jury that the denial was due to a willful or malicious wrong, or an act with gross and reckless disregard of JSI's rights. Travelers had an arguable basis to deny the claim and JSI has no evidence of a willful or malicious wrong or gross or reckless disregard of JSI's rights. Travelers did not breach the duty of good faith by denying JSI's claim and, thus, Travelers is not liable to JSI for bad faith.

---

[5] Phillips Oil Company, v. OKC Corporation, 812 F.2d 265, 272 (5th Cir. 1987).

### A. *Mississippi law does not favor punitive damages*.

"Mississippi law does not favor punitive damages; they are considered an extraordinary remedy and are allowed 'with caution and within narrow limits.' … Any plaintiff asking for **punitive damages … based on bad faith … has a heavy burden.**"[6] Mississippi has long held that "[i]n order to establish a bad faith claim for punitive damages, a plaintiff must prove, (1) defendant lacked an arguable or legitimate basis for denying the claim and, (2) defendant committed a willful or malicious wrong, or acted with gross and reckless disregard of plaintiff's rights."[7]  In the seminal Mississippi bad faith case, the court held " … if an insurance company has a legitimate **or** *an arguable reason* for failing to pay a claim, punitive damages will not lie …"[8]   JSI "bears the burden of proving that [Travelers] acted in bad faith in denying its [payment bond] claim."[9]  JSI will be unable to meet that burden.

---

[6] *Sentinel Indus. Contr. Corp. v. Kimmins Indus. Serv. Corp.*, 743 So. 2d 954, 972 (Miss. 1999) (emphasis added) (quoting *Life & Casualty Ins. Co. of Tennessee v. Bristow*, 529 So. 2d 620, 622 (Miss. 1988), *cert. denied*, 488 U.S. 1009, 109 S. Ct. 794, 102 L. Ed. 2d 785 (1989)).
[7] *Dedeaux v. State Farm Mut. Auto. Ins. Co.*, 2013 U.S. Dist. LEXIS 11262, 8-9 (S.D. Miss. Jan. 28, 2013); *see also Spansel v. State Farm Fire & Cas. Co.*, 683 F. Supp. 2d 444, 447 (S.D. Miss. 2010) (citing *Un. Am. Ins. Co. v. Merrill*, 978 So. 2d 613, 634 (Miss. 2007)).
[8] *Standard Life Ins. Co. of Indiana v. Veal*, 354 So. 2d. 239, 248 (Miss. 1977) (emphasis added).
[9] *Mahli, LLC v. Admiral Ins. Co.*, 2015 U.S. Dist. LEXIS 10854 at *51 (S.D. Miss. 2015) (quoting *Broussard v. State Farm Fire & Cas. Co.*, 523 F.3d. 618, 628 (5th Cir. 2008)).

7

B.    *<u>Travelers CLEARLY had an "arguable" basis to deny JSI's claim</u>*.

Whether Travelers lacked an arguable basis is a question for the Court.[10] An arguable basis to deny can be founded either in fact or law.[11] Travelers's arguable basis to deny is based on law. Travelers's denial was legally based on its interpretation of the impact of the Interpleader action in the Chancery Court. This Court agreed with Travelers's interpretation and held that "Travelers <u>clearly</u> had a reasonable basis for denying the claim made by JSI...." *[ECF #77 at p.9]* (emphasis added). The Court's rulings on Summary Judgment and on Reconsideration show, at a bare minimum, Travelers had an arguable basis to deny JSI's claim.

This Court has held that it "follows the well-established view that an insurer's assertion of an arguable legal position regarding disputed points of law in the face of uncertain statutory construction does not generally give rise to a claim of bad faith."[12] Prior to the Fifth Circuit's opinion, no court had answered the question of whether the discharge of a principal in an interpleader action also acted to discharge a surety's obligation on a payment bond issued under the Mississippi Little Miller Act.

The Mississippi Supreme Court has said an arguable reason is "defined as nothing more than an expression indicating the act or acts of the alleged tort-feasor do not rise to

---

[10] *Blue Cross & Blue Shield, Inc. v. Campell*, 466 So. 2d. 833, 842 (Miss. 1985).
[11] *Mahli, LLC*, 2015 U.S. Dist. LEXIS 10854 at *50 (S.D. Miss. 2015) (quoting *Broussard v. State Farm Fire & Cas. Co.*, 523 F.3d. 618, 628 (5th Cir. 2008)).
[12] *Schauger v. Nationwide Mut. Ins. Co.*, 991 F.Supp. 788, 793 (S.D. Miss. 1997)

8

the heightened level of an independent tort."[13]  Under Mississippi law, an arguable reason has been more specifically defined as follows:

> *An arguable reason is one in support of which there is some credible evidence. There may well be evidence to the contrary. A person [or insurer] is said to have an arguable reason for acting if there is some credible evidence that supports the conclusions on the basis of which he [or it] acts.*[14]

An "arguable" reason has been articulated as a "debatable reason."[15]  Courts determining if a reason for denial was "arguable" have applied a "directed verdict" test -- if a plaintiff could not prevail on a directed verdict on its contract claim, the denial was at least arguable.[16]  JSI certainly did not prevail on a directed verdict. JSI failed on its Motion for Summary Judgment *[ECF #31],* failed to successfully oppose Travelers' Summary Judgment Motion and lost on reconsideration.

Other courts have also stated that whether a claim was arguably denied should be judged by facts existing at the time.[17]  Whether a denial was arguable should also be looked at based on existing law at the time of the denial.[18]  JSI never cited a case directly on point on the dispute that was before the Court.  There was no existing law interpreting

---

[13] *Caldwell v. Alfa Ins. Co.*, 686 So. 2d 1092, 1096 (Miss. 1996).
[14] *Davidson v. State Farm Fire & Casualty Co.,* 641 F. Supp. 503, 506 (N.D. Miss. 1986).
[15] *National Sec. Fire & Cas. Co. v. Bowen*, 417 So. 2d 179, 183 (Ala. 1982).
[16] *Atl. Specialty Ins. Co. v. Mr. Charlie Adventures, LLC,* 2016 US. App. LEXIS 3619 (11th Cir. 2016) at *9-10.
[17] *Nat'l Sav. Ins. Co. v. Dutton*, 419 So. 2d 1357, 1362 (Ala. 1982).
[18] *McFarland v. Utica Fire Ins. Co.*, 1994 U.S. App. LEXIS 43120 (5th Cir. 1994) (affirming grant of partial summary judgment on bad faith claim against Utica where Mississippi law was unsettled at time of denial of claim).

9

the unique context of this dispute involving a principal discharged of liability through an Interpleader.

In its November 8, 2012, letter to JSI, Travelers sets out reasons[19] for its denial founded on the defenses of McMillan-Pitts.[20] Travelers denied JSI's claim because McMillan-Pitts had been discharged from obligations to JSI by the interpleader action.[21] Travelers cited numerous cases on the long standing proposition that a surety's liability is co-extensive with that of its principal. Mississippi courts and the Fifth Circuit have long held that a surety stands in the shoes of its principal and can assert and rely on the defenses available to its principal.[22] That was exactly the reason for Travelers' denial. In addition, Travelers denied JSI's claim as a result of McMillan-Pitts' initial assertions that JSI did not give timely notice of its claim under Mississippi's Little Miller Act. On November 30, 2012, counsel for JSI disputed both bases for the denial. JSI attached documents it claimed refuted McMillan-Pitts' argument as to the timeliness of JSI's claim.[23] Travelers provided this information to McMillan-Pitts and requested a response. McMillan-Pitts refuted JSI's allegations, indicating that any work JSI performed after

---

[19] Travelers ultimately withdrew the "timeliness of the claim" as a basis for denial.
[20] *Exhibit A – Travelers November 8, 2012 letter*
[21] *Id.*
[22] *See Jimmie Lyles Carpets, Inc. v. Munlake Contrs., Inc.*, 2012 U.S. Dist. LEXIS 83092 (S.D. Miss. June 14, 2012) ("A surety generally stands in the shoes of its principal."); *United States ex rel. Tennessee Producers' Marble Co. v. Empire State Surety Co.*, 197 F. 429, 435 (D. Miss. 1912) ("it is made the duty of every surety when sued alone to set up by way of defense all matters by which the principal could avail himself."); *National Surety Corp. v. United States*, 143 F.2d 831, 835 (5th Cir. 1944)("the general rule of law which governs the liability of sureties upon bonds is that the surety is not liable unless the principal is, and, therefore, may plead any defense available to the principal.")

10

May 2012 was not related to the Tackett subcontract.[24] Travelers was faced with competing positions (a legitimate dispute) and, thus at that time had a legitimate and arguable basis to deny JSI's claim.[25]

Application of the definition of "arguable reason" under Mississippi law, along with this Court's initial finding that Travelers "clearly had a reasonable basis for denying the claim," again make clear that the denial was easily within the realm of "arguable." Therefore, JSI will be unable to meet its burden to establish that Travelers lacked an arguable basis for denying the claim and Travelers, for this reason alone, is entitled to judgment as a matter of law on JSI's claim for bad faith.

      **C.** *JSI has no evidence that Travelers committed a willful or malicious wrong, or acted with gross and reckless disregard of JSI's rights*.

Even if JSI was given the benefit of the doubt as to whether Travelers lacked an arguable basis, JSI's claim for bad faith also fails because JSI never presented any evidence, nor can it present any evidence, that Travelers committed a willful or malicious wrong, or acted with gross and reckless disregard of JSI's rights. It should be noted that the discovery deadline in this case ran on October 1, 2013, more than six months prior to the Court's decision on Travelers's Motion for Summary Judgment on March 13, 2014, yet JSI never brought forth one iota of actual evidence that Travelers was motivated by

---

[23] *Exhibit B – JSI November 30, 2012 letter.*
[24] *Exhibit C – January 8, 2013 email of McMillan-Pitts responding to JSI November 12, 2012 letter.*
[25] *McQueen Contracting v. Fid. & Deposit of MD*, 863 F.2d 1216 at 1217 (5th Cir. 1989), *modified on reh'g,* 871 F.2d 32 (1989)(holding that an arguable basis for denying a claim existed

malice or acted in reckless disregard of JSI's rights. JSI's current position appears to be that, because in hindsight Travelers's legal argument was overruled by the Fifth Circuit, Travelers must be in bad faith.

This view is not in accord with Mississippi law. The Mississippi Supreme Court has stated that even "the absence of an 'arguable reason' does not necessarily establish that the insurer acted with malice or with gross negligence or reckless disregard for the insured's rights."[26] The Court also noted it had:

> … repeatedly held that 'punitive damages are not mandated by the absence of an arguable reason …. Because the denial of a claim could be the result of honest mistake or oversight – ordinary or simple negligence.[27]

In *Sentinel Indus. Contr. Corp. v. Kimmins Indus. Serv. Corp.*, 743 So. 2d 954, 972 (Miss. 1999), the Mississippi Supreme Court rejected a claim of bad faith against a surety. The court found that a legitimate dispute regarding the amount owed precluded any bad faith.[28] The court also noted that lack of any evidence of "malice or gross negligence" supported the trial court's refusal to grant a punitive damage instruction.[29]

---

where there was a factual dispute as to the applicability of a defense); *see also, Sentinel Indus. Contr. Corp. v. Kimmins Indus. Serv. Corp.*, 743 So. 2d 954, 972 (Miss. 1999).
[26] *Caldwell v. Alfa Ins. Co.*, 686 So. 2d 1092, 1098 (Miss. 1996) (quoting *Blue Cross & Blue Shield v. Maas*, 516 So. 2d 495, 497 (Miss. 1987)).
[27] *Id.* (quoting *State Farm Fire and Casualty v. Simpson*, 477 So. 2d 242, 250 (Miss. 1985))
[28] *Sentinel Indus. Contr. Corp.*, 743 So. 2d at 972.
[29] *Id. see also Pioneer Life Ins. Co. v. Moss*, 513 So. 2d 927, 931 (Miss. 1987) (refusing punitive damages due to lack of malice, gross, callous or wanton conduct despite no arguable or legitimate reason for denial of claim that occurred due to clerical error); *Harrison v. Benefit Trust Life Ins. Co.*, 656 F.Supp. 304, 309 (N.D. Miss. 1987) (granting summary judgment where claim was erroneously denied with compounding errors but the erroneous investigation did not meet the heightened tort requirement); *Consolidated American Life Ins. Co. v. Toche*, 410 So. 2d

In this case, at no point has JSI ever presented any evidence that Travelers committed a willful or malicious wrong or acted with gross and reckless disregard of JSI's rights.

## CONCLUSION

Travelers clearly had a reasonable, and thus arguable, basis to deny JSI's claim. JSI is unable to meet its burden to prove that Travelers lacked an arguable basis to deny its claim. Further, JSI has no evidence to meet its burden to establish that Travelers' denial was a willful or malicious wrong or a gross and reckless disregard of JSI's rights. As a result, this Court should, on reconsideration, grant Travelers summary judgment on JSI's claim for bad faith.

Respectfully submitted this the 28th day of March, 2016.

/s/ *J. Wade Sweat*
David J. Krebs, Esq.
J. Wade Sweat (MSB #9933)
Alec M. Taylor (MSB #102874)
KREBS FARLEY, PLLC
One Jackson Place, Suite 900
188 E. Capitol Street
Jackson, Mississippi 39201
Telephone: (601) 968-6710
Facsimile: (601) 968-6708
Email: wsweat@kfplaw.com
Attorneys for Travelers Casualty &
Surety Company of America

---

1303, 1306 (Miss. 1982) (reversing punitive damage award where denial was erroneous without arguable basis but no evidence of malice or gross negligence).

## **CERTIFICATE OF SERVICE**

I, J. Wade Sweat, do hereby certify that on March 28, 2016, I caused a true and correct copy of the foregoing to be filed with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record:

>Christopher Solop, Esq.
>Biggs, Ingram & Solop, PLLC
>Attorney for James Self, Inc. d/b/a JSI Communications
>Biggs, Ingram, Solop & Carlson, PLLC
>111 Capitol Building
>Post Office Box 14028
>Jackson, Mississippi 39236-4028

>/s/ *J. Wade Sweat*
>J. WADE SWEAT